UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BECHELLI-GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 16-cv-07284-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On October 13, 2017, the undersigned filed an Order to Show Cause (OSC) why this case should not be dismissed for failure to prosecute:

> Plaintiff Teresa Bechelli-Gonzalez filed suit pro se to appeal the denial of social security benefits. *See* Compl., Dkt. No. 1. The Court issued a Social Security Procedural Order, which required Defendant to serve and file an answer, together with a certified copy of the transcript of the administrative record ("AR"), within 90 days of receiving the summons and complaint. *See* Proc. Order ¶ 1, Dkt. No. 2. Defendant served and filed her Answer on May 8, 2017, and served and filed a certified copy of the AR on May 11, 2017. See Answer, Dkt. No. 16; AR, Dkt. No. 17. The Procedural Order then required Plaintiff to file a motion for summary judgment or for remand within 28 days of service of the Answer; Plaintiff's deadline for doing so therefore was, at the latest, June 8, 2017. *See* Proc. Order ¶ 2. As of the date of this Order, Plaintiff has not filed a motion for summary judgment or a motion for remand, and has not otherwise formally prosecuted the action.

OSC Order, Dkt. No. 18. The undersigned ordered Plaintiff to file a written declaration by November 16, 2017, and gave Plaintiff notice that "<u>failure to file a written response will be deemed an admission that Plaintiff does not intend to prosecute, and the case will be dismissed without prejudice.</u>" *Id.* (emphasis in original).

As of the date of this Order, Plaintiff failed to file a motion for summary judgment and has

1 failed to respond to the OSC. *See* Dkt. As Defendant has not consented to magistrate judge
2 jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the
3 recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
4 *See Williams v. King*, -- F.3d --, 2017 WL 5180205 (9th Cir. 2017).

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

The first two *Henderson* factors strongly support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's need to manage its docket also weighs in favor of dismissal. Plaintiff delayed adjudication of her claims by failing to obey the Procedural Order, file a motion for summary judgment, or request an extension of time to do so; Plaintiff also failed to respond to the OSC. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its

2

docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff failed to respond to the Court's OSC, offered no explanation for the failure to file a motion for summary judgment, and did not request an extension of the filing deadline. Therefore, the Court concludes the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See*, *e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). The Court has already attempted less drastic sanctions without success, including issuing an OSC and giving Plaintiff an opportunity to explain the failure to file a motion for summary judgment. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, as Plaintiff failed to respond, another order requiring Plaintiff to respond is likely to be futile. *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the OSC warned Plaintiff of the risk of

3

dismissal; thus, Plaintiff cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274; *Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotations and citations omitted).

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

## CONCLUSION

Based on the analysis above, at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff failed to file a motion for summary judgment or respond to the OSC. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendant, but dismissing the case without prejudice will preserve the ability of Plaintiff to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, because Defendant did not yet consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge. The undersigned RECOMMENDS the newly-assigned judge DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: November 22, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BECHELLI-GONZALEZ,<br>Plaintiff,<br>v.<br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | Case No. 16-cv-07284-MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.

That on November 22, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Teresa Bechelli-Gonzalez
1162 Manzanita Drive
Pacifica, CA 94044

Dated: November 22, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____/S/_____
France Jaffe, Law Clerk to the
Honorable MARIA-ELENA JAMES

5